UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREAMON ROWLAND and ELLA
ROWLAND,

    Plaintiffs,
v.                                    Case No. 8:11-cv-2774-T-33TBM

SCOTTSDALE INSURANCE CO.,

    Defendant.
_____/

## ORDER

This cause is before the Court pursuant to Plaintiffs' Motion to Remand (Doc. # 5), filed on December 22, 2011. On January 5, 2012, Defendant Scottsdale Insurance Co. filed a Response in Opposition to the Motion (Doc. # 7). Plaintiffs filed a Reply (Doc. # 11) on January 11, 2012. For the reasons that follow, the Motion is granted.

**I.  Background**

Plaintiffs Freamon and Ella Rowland filed suit against Scottsdale in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, on October 26, 2011. (Doc. # 2). Scottsdale insured the Rowlands' home under Policy Number HOS0408776 (the "Policy"), which was in full force and effect when the home was damaged by fire on or about October 1, 2010. (Id. at ¶ 5). On October 21, 2010, Scottsdale tendered a check to the Rowlands in the amount of

$5,000 for "loss of use and partial personal property replacement," $4,000 of which was an advance on their personal property claim. (Id. at ¶¶ 10-11).

On or about February 4, 2011, the Rowlands provided Scottsdale with a detailed contents inventory, with personal property damage totaling $124,646.40 in replacement cost value. (Id. at ¶¶ 12-13). This amount exceeds the policy limits of $90,500 for personal property loss. (Id. at ¶ 13). Scottsdale informed the Rowlands in a letter dated September 23, 2011, that it would pay policy limits for damage to the home and for loss of use. (Id. at ¶ 14). Scottsdale also informed the Rowlands that it would pay $34,256.45 for their personal property, based upon an inspection, inventory and estimate by third party Enservio. (Id.). Scottsdale explained that the amount was based upon replacement cost value in the amount of $65,995.74 minus $27,739.29 for depreciation and minus its previous $4,000 payment. (Id. at ¶ 15).

The Rowlands assert that Scottsdale's personal property evaluation did not account for all items or correctly value their personal property damaged in the fire. (Id. at ¶¶ 17, 20). Thus, Scottsdale breached the insurance contract through undervaluation and underpayment of their personal property claim. (Id. at ¶¶ 18, 23-24). The Rowlands seek compensatory

2

and contractual damages, prejudgment interest, costs and reasonable attorney's fees as provided by statute.[1] (Id. at 5).

Scottsdale removed the case to this Court on December 16, 2011, on the basis of diversity of citizenship. (Doc. # 1). In its Notice of Removal, Scottsdale alleged that contractual damages exceeding $52,000, when coupled with statutory attorney's fees, yield an amount in controversy exceeding $75,000. (Id. at ¶ 6). The Rowlands assert that the amount in controversy has not been met. (Doc. # 5).

## II. Legal Standard

A defendant may remove a case filed in state court to federal court if "the district courts of the United States have original jurisdiction." Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing 28 U.S.C. § 1441(a)). Original jurisdiction may be established if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Id. (citing 28 U.S.C.

---

[1] In their Complaint, the Rowlands sought attorney's fees under the wrong statute; because Scottsdale is a surplus lines insurer, the Rowlands should have sought attorney's fees pursuant to Fla. Stat. § 626.9373 rather than Fla. Stat. § 627.428. The Rowlands filed an Amended Complaint on January 23, 2012, correcting the statutory reference. (Doc. # 13).

§ 1332(a)(1)). In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. Id.

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). A defendant's burden of proof is therefore a heavy one. Id.

In determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal. Pease, 6 F. Supp. 2d at 1356. Where a plaintiff has made an unspecified demand for damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal is proper if it is "facially apparent" from the complaint that the amount in controversy has been met. Id. "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence

4

relevant to the amount in controversy at the time the case was removed." Id.

However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Factual allegations supported by evidence can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. Furthermore, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010).

### III. Analysis

In their Motion to Remand, the Rowlands state that the amount in controversy is $52,243.55, exclusive of interest and costs.[2] (Doc. # 5 at ¶ 10). The Rowlands argue that future estimated attorney's fees are not properly included in the jurisdictional amount. (Id. at ¶¶ 11-12). The Rowlands further assert that their counsel exchanged correspondence with Scottsdale's counsel indicating that contractual damages plus

---

[2] This figure represents policy limits of $90,500.00 minus the $38,256.45 Scottsdale has paid to date.

5

attorney's fees did not exceed $75,000 at the time of removal. (Id. at ¶¶ 13-17). As such, the Rowlands seek their reasonable costs and expenses incurred as a result of the alleged improper removal. (Id. at ¶ 20).

**A.  Amount in Controversy Requirement**

The Court first looks to the Rowlands' Complaint to determine the burden of proof Scottsdale must bear in demonstrating the amount in controversy. The Amended Complaint states that the amount in controversy exceeds $15,000, but does not specify an amount certain. (Doc. # 13 at ¶ 1). A preponderance of the evidence standard therefore applies.

The Amended Complaint does offer some clues as to the amount in controversy. As noted above, the Rowlands are seeking the policy limits of $90,500.00 minus pre-suit payments of $38,256.45 – figures that are specified in the Amended Complaint. (Id. at ¶¶ 13, 17). It is not facially apparent from the Amended Complaint that the amount in controversy has been met, however.

The Court therefore looks to Scottsdale's Notice of Removal for evidence that the amount in controversy exceeds $75,000. (Doc. # 1). Scottsdale agrees that contractual damages "exceed $52,000" but asserts that statutory attorney's fees bring the amount in controversy over the jurisdictional

6

requirement. (Id. at ¶ 6). In its Response to the Motion to Remand, Scottsdale argues that attorney's fees provided for under a contingency fee agreement may be included when they are authorized by statute. (Id. at ¶¶ 20-23). Scottsdale then explains that it based its estimate of attorney's fees on prior experience with the Rowlands' counsel and standard contingency fee agreements. (Id. at ¶ 26).

Scottsdale determines that the "gross recovery" used for calculating attorney's fees in this matter would include Scottsdale's $38,256.45 pre-suit payment because the Rowlands were represented by counsel when the payment was made. (Id. at ¶¶ 27-32). Scottsdale thus concludes that attorney's fees should be calculated based upon the entire $90,500 policy limit; assuming a contingency fee of 33%, this yields an amount in controversy of $82,407.20.[3] (Id. at ¶¶ 33, 37). Scottsdale further asserts that the contingency fee would also apply to interest, estimated at $3,709.37, as well as unknown costs. (Id. at ¶¶ 29-30, 34).

The Court agrees with Scottsdale that attorney's fees may be included in the amount in controversy where such fees are authorized by statute. Fedin-Scarberry v. Interstate Indem.

---

[3] $52,243.55 + ($90,500.00 * .333) = $82,407.20.

7

Co., No. 8:06-cv-1112-T-17TBM, 2006 WL 2085796, at *2 (M.D. Fla. July 25, 2006). However, the Court disagrees that amounts recovered prior to filing suit may properly be considered in calculating statutory attorney's fees. Scottsdale cites no case law supporting this proposition, nor was the Court able to find any through its own independent research. To the contrary, the Court is persuaded that such fees should not be considered. See Owners Ins. Co. v. McClung, No. Civ. 2:02-cv-168-WCO, 2003 WL 23190907, at *2 (N.D. Ga. Dec. 23, 2003) (holding that attorney's fees incurred in an underlying lawsuit already concluded should not be included in the amount in controversy). Although McClung is factually distinguishable, the Court finds the analysis instructive.

Furthermore, the Court questions whether the Rowlands would be entitled to statutory attorney's fees for legal work performed prior to filing suit. Courts have held that because Fla. Stat. § 627.428 refers to fees expended "prosecuting the suit in which the recovery is had," an insured is not entitled to attorney's fees for pre-suit work. Kearney v. Auto-Owners Ins. Co., No. 8:06-cv-585-T-24TGW, 2010 WL 3119380, at *8-*9 (M.D. Fla. Aug. 4, 2010); Dunworth v. Tower Hill Preferred Ins. Co., No. 05-14019-CIV, 2006 WL 889424, at *2-*3 (S.D. Fla. Feb. 14, 2006). Similarly, Fla. Stat. § 626.9373, which

8

controls in this case, refers to fees expended "prosecuting the lawsuit for which recovery is awarded."

Thus, the Court finds that attorney's fees incurred for pre-suit legal work should not be included in the calculus. Applying the contingency fee to the $52,243.55 damages claim yields only $69,658.06.[4]

The Court likewise finds that interest and costs should not be included in calculating attorney's fees, given that such amounts are not properly included in the amount in controversy. See 28 U.S.C. § 1332(a) (stating that the amount in controversy is "exclusive of interest and costs"). In any event, Scottsdale would need to persuade the Court that costs in this matter will exceed $12,335.49.[5] The Court therefore finds that the amount in controversy does not meet the jurisdictional minimum and remand is proper.

**B. Attorney's Fees and Costs**

The Rowlands move the Court for an award of reasonable attorney's fees and costs associated with the filing of the Motion to Remand pursuant to 28 U.S.C. § 1447(c). (Doc. # 5 at

---

[4] $52,243.55 + ($52,243.55 * .333) = $69,658.06.

[5] $75,001.00 - $69,658.06 = $5,342.94 / .333 = $16,044.86. Scottsdale has estimated interest at $3,709.37. That leaves a minimum of $12,335.49 in costs.

¶ 20). When a case is remanded for lack of subject matter jurisdiction, a court may require "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

The Supreme Court has held that, absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Martin v. Franklin Capital Grp., 546 U.S. 132, 136 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," and this determination "should turn on the reasonableness of the removal." Id. at 140-41. Even though the Court disagrees with Scottsdale's basis for removal, the Court does not find that Scottsdale "lacked an objectively reasonable basis for seeking removal." Moreover, the Court does not find that Scottsdale removed the case for the purpose of prolonging litigation or imposing costs. Therefore, the Court denies the Rowlands' request for attorney's fees and costs.

**IV. Conclusion**

Based upon the foregoing analysis, and resolving all uncertainties in favor of remand, the Court finds that

10

Scottsdale has not met its burden of establishing that the amount in controversy exceeds the jurisdictional minimum. Because it does not have jurisdiction, the Court may not address Scottsdale's Motion to Dismiss or Abate Pending Policy Compliance (Doc. # 17). See Univ. of S. Ala., 168 F.3d at 411 (noting that a federal court must remand notwithstanding the presence of other pending motions).

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED**:

(1) Plaintiffs' Motion to Remand (Doc. # 5) is **GRANTED**.

(2) The Clerk is directed to **REMAND** this case to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Thereafter, the Clerk shall terminate all pending motions and deadlines and close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of March 2012.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record

11